Mark B. Fredkin (53550)
William Siamas (133111)
Morgan, Franich, Fredkin & Marsh
99 Almaden Boulevard, Suite 1000
San Jose, California 95113-1613
Telephone:(408) 288-8288
Facsimile: (408) 288-8325

Attorneys for Defendant
Samuel Mills

J. David Black (44860)
Law Office of J. David Black
P.O. Box 398
254 Pilot's Reach
The Sea Ranch, California 95497-0398
Telephone: (707) 785-3366
Facsimile: (707) 785-2344

Attorney for Defendant
Mary Dalsin Mills

Peter Rehon (1000123)
Tyler J. Olson (220796)
Rehon & Roberts, APC
830 The Alameda
San Jose, CA 95126
Telephone: (408) 494-0900
Facsimile: (408) 494-0909

Attorneys for Defendants
Hari Dillon, Danny Glover, The Dillon Group
2003-I, The Dillon Group 2003-II, The Dillon
Group 2003-III, The Glover Group 2002-I,
The Dillon Group LLC and The Dillon Group
Master General Partnership

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON GALLAGHER and MICHAEL GALLAGHER<br><br>              Plaintiffs,<br>v.<br><br>THE DILLON GROUP 2003-I, et al.<br><br>              Defendants. | Case No. CV-09-2135-SBA<br><br>**ORDER GRANTING MOTION TO DISMISS / STAY ACTION PURSUANT TO COLORADO RIVER DOCTRINE**<br><br>Date: January 12, 2010<br>Time: 1:00 p.m.<br>Courtroom: 1, 4th Floor<br>Honorable Saundra Brown Armstrong |

      Pending before the Court are the motions of the Defendants, Samuel Mills and Mary Dalsin Mills, Hari Dillon, Danny Glover and the various Dillon / Glover Group partnerships (collectively "Defendants"), to dismiss or stay this action under the authority of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) (hereinafter "*Colorado River*"), on the ground that six proceedings involving the same, or substantially the same, parties, facts, legal issues and recovery are currently pending and coordinated in the complex litigation department of the San

Francisco County Superior Court. For the foregoing reasons, the Court exercises its discretion to **GRANT** the motion and order that this action be **DISMISSED WITHOUT PREJUDICE.**

## I. BACKGROUND

Plaintiffs allege they invested $1,119,000 with Defendant Hari Dillon ("Dillon") in exchange for promissory notes and assignments of partnership interests in a partnership known as The Dillon Group 2003-I. Dillon allegedly promised that the notes would be repaid with interest, in addition to substantial profit from the partnership assignments upon the closing of a purported acquisition transaction between Microsoft Corporation and Defendant Ecast, Inc. ("Ecast") in which the partnership allegedly held shares of stock. (Complaint, ¶¶2-7) Plaintiffs allege that there was no pending transaction between Microsoft and Ecast, that Dillon's representations about the merger were false and/or fraudulent, and were arranged or coordinated with Defendant Samuel "Mouli" Cohen. (Id., ¶¶3-4)

Plaintiffs' Complaint pursues four types of claims: (1) claims against Cohen, and those allegedly affiliated with Cohen[1] for the loss of the investment; (2) claims against Dillon for repeating Cohen's misrepresentations and for breaching alleged promises made in connection with the investments; (3) claims against persons and organizations[2] alleged to be liable for Dillon's alleged fraud and other alleged breaches; and (4) claims for rescission of, or a declaration of their rights under, the "assignments" and other documents which made them "partners" in the Dillon-created partnerships.

---

[1] Alleged to be affiliated with Cohen are his wife, Stacey Cohen, his trust, Myrd Millenium Trust and his former employer, Ecast.

[2] These additional defendants are Dillon's employer, Vanguard Public Foundation; partnerships in which Dillon was allegedly a member, The Dillon Group 2003-I, The Dillon Group 2003-II, The Dillon Group 2003-III, The Glover Group 2002-I and The Dillon Group Master General Partnership); certain alleged partners of these partnerships, Sam Mills, Mary Mills and Danny Glover; a limited liability company, The Dillon Group LLC; and an accountant, Gail Webb and her accountancy corporation Helms & Webb, P.C.

Currently pending in San Francisco County Superior Court are six actions which arise out of the same facts and circumstances and involving many of the same parties as the instant action. Those actions have been coordinated by the complex litigation depart of the state court. Like this action, the state actions are prosecuted by persons who allege they lost money investing with Dillon based on the same representations regarding the purported acquisition of Ecast by Microsoft. The state court actions involve – either by way of complaint or cross-complaint – the identical facts, law, issues, parties and seek the same relief as do the Plaintiffs in the instant case. One of the state complaints is identical to the instant one in virtually every respect and was filed by the same attorney who represents the Plaintiffs in the instant action.

The Mills Defendants and the Dillon, Glover, et al. Defendants move to dismiss or stay this action in favor of allowing the controversy to be decided by the California state court. Under the *Colorado River* doctrine, this Court has discretion to stay or dismiss a federal action where a substantially similar state action is pending and where wise judicial administration and conservation of judicial resources necessitates that the district court defer the matter for decision by the state court.

The Webb Defendants and Ecast have filed notices of non-opposition. The Cohen Defendants have not yet appeared in the action. However, the Plaintiffs oppose the motion.

## II.  LEGAL STANDARDS

The *Colorado River* doctrine established by the U.S. Supreme Court provides that "[i]n situations involving the contemporaneous exercise of jurisdiction by different courts over sufficiently parallel actions, a federal court has discretion to stay or dismiss an action based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Gintz v. Jack in the Box, Inc.*, 2006 U.S. Dist. Lexis 88987 (N.D. Cal. Nov. 28, 2006) *1 at *8, citing *Colorado River Water Conservation Dist. v.*

*United States*, 424 U.S. at 817. The Supreme Court has identified six factors for district courts to consider in determining whether to exercise their discretion to stay or dismiss in favor of the state court action: (1) whether either court has assumed jurisdiction over property in dispute; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the concurrent forums obtained jurisdiction; (5) whether state or federal law provides the rule of decision on the merits; and (6) whether the state proceeding is adequate to protect the parties' rights. *Gintz,* 2006 U.S. Dist. Lexis 88987 at *9-10, citing *Colorado River,* 424 U.S. at 818; and *Moses H. Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 23, 26 (1983). The Ninth Circuit and other circuits have added that district courts may consider (7) whether the federal plaintiff is engaged in "forum shopping." *Gintz,* 2006 U.S. Dist. Lexis 88987 at *10*; *Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989); *Lumen Construction, Inc. v. Brant Construction Company, Inc.*, 780 F.2d 691, 694 (7th Cir. 1985) "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist." *Nakash v. Marciano*, 882 F.2d at 1415. "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *SiRNA Therapeutics, Inc. v. Protiva Biotherapeutics, Inc.*, 2006 U.S. Dist. LEXIS 90773, *1, *21-22 (N.D. Cal. Dec. 1, 2006), quoting *Moses H. Cone Hospital,* 460 U.S. at 16.

### III. ANALYSIS

#### A. The State Court Actions Are Substantially Similar To The Instant Case.

The threshold inquiry under *Colorado River* is whether a parallel state court action is pending. The Ninth Circuit has held that "exact parallelism" between the state and federal cases is not required; it is enough if the two proceedings are "substantially similar." *Nakash v. Marciano*, 882 F.2d at 1417. "[T]he two proceedings are substantially similar ... [where] "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Travelers Cas. & Sur. Co. of Am. v. Comerica Bank*, 2009 U.S. Dist. Lexis 60905 (E.D. Cal. July

Page 4
Order Granting Motion to Dismiss / Stay Action Pursuant to Colorado River Doctrine

15, 2009) *1 at *9; *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988).

The Court finds that the state court actions cases and this case meet the test of substantial similarity, and Plaintiffs do not argue otherwise. Each of the cases involves allegations of an allegedly fraudulent scheme allegedly perpetrated by Cohen against the Vanguard investors. In each of the cases, the investors paid money to Dillon to be forwarded to Cohen to be used to purchase Ecast shares or pay "bonds and fees." In each of the cases, the investors were promised large returns from the anticipated close of the purported Ecast-Microsoft merger as allegedly represented by Cohen and/or Dillon.

### B. A Consideration Of The *Colorado River* Factors Militates In Favor Of Granting The Motion

#### 1. Factors 1 and 2 Are Neutral

The Court finds, and Plaintiffs and Defendants agree, that factors 1 and 2 are neutral.

#### 2. Factor 3 Strongly Favors The Granting Of The Motion

The Court finds that the third factor – the desirability of avoiding piecemeal litigation – weighs strongly in favor of granting the motion. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters*, 843 F.2d at 1258; *Travelers Cas. & Sur. Co. of Am.,* 2009 U.S. Dist. Lexis 60905 at *13. The identical issues are pending between the same parties in state court, and it is clear that efforts expended in this and the state court actions will be duplicated. Further, it is clear that because of the highly unusual circumstances of these cases, there exists a substantial possibility that this Court and the state court will reach different results on the identical issues, which inconsistencies would likely result in severe prejudice to the parties.

For example, the Court agrees with Defendants that inconsistent determinations could arise with respect to the scienter possessed by Hari Dillon, who is alleged to be the conduit of information between Mouli Cohen and the investors, including Plaintiffs. There would be no way to reconcile inconsistent findings on issues such as the truth or falsity of what Mr. Dillon said, or as to his knowledge and/or intent when making the statements.

The Court also agrees with Defendants regarding the severe prejudice which would arise from inconsistent findings with respect to the allegations of "partnership" liability. Many of the complaining parties – the Plaintiffs included – are seeking to hold other investors liable for their investment losses on theories they were "partners" in partnerships which are alleged to have guaranteed or secured the repayment of investments. Most of the alleged "partners" who have been sued on such theories – including the Gallagher Plaintiffs herein – are also attempting to rescind or void their own "partner" status in the partnerships. The integrity of the judicial system, as well as fundamental fairness from the standpoint of individual defendants, mandates that there be uniform and consistent findings as to who are "partners" in a given partnership and who are not. If one court were to relieve some "partners" of their partnership obligations in a given "partnership," but another court were to reach the opposite conclusion based on substantially the same set of facts, the ruling of the first court would have the effect of increasing the burden on those remaining "partners" who were unsuccessful in their efforts to be relieved from liability. (See, *Cal. Corporations Code*, §16401(b); *Cal. Code of Civil Procedure*, §882(a); *Security Pacific National Bank v. Lyon*, 25 Cal.App.4th 706, 710 (1994)) It is thus clear that the facts, issues, law, parties and respective liabilities are so intertwined in these actions that the danger of inconsistent rulings from piecemeal adjudication provides a highly compelling reason in favor of granting the motion.

### 3. Factor 4 Weighs In Favor Of Granting The Motion

The fourth factor – the order in which the concurrent forums obtained jurisdiction – favors granting the motion because the *Mills Action*, *Carrera Action, Woods Action* and *Brodkey Action* were all filed before the Plaintiffs filed the instant federal action. Additionally, a substantial amount of activity has occurred in the state cases whereas very little activity has occurred in this action. In the state court: all parties have been served, appeared and have filed their answers; the state court has granted applications designating the case complex litigation and for the coordination of all related actions; the state court has conducted five case management conferences, at which the court has adopted detailed plans dealing with matters such as appointing liaison counsel, conducting discovery and depositions and addressing requests by certain investors for an early adjudication of certain issues; and the parties in the state court have all exchanged a first round of written

discovery. In contrast, this case has been stayed pursuant to 15 U.S.C. §78u-4(b)(3)(B) from the date that Defendants' filed their motions to dismiss, not all parties have even been served, no discovery has been conducted and the Court has not conducted any case management or other substantive conferences.

### 4. Factor 5 Weighs In Favor Of Granting The Motion

The fifth factor – whether State or federal law provides the rule of decision on the merits – also weighs heavily in favor of a stay or dismissal. Plaintiffs' complaint alleges sixteen causes of action, only two of which arise under federal law (the 5th and 6th causes of action). The remainder involve claims arising purely under California state law.

Plaintiffs' two federal claims – alleged violations of federal securities laws – are based entirely on the same facts, circumstances and elements of proof and defense as the state law claims for fraud and deceit. The presence of federal claims carries little weight in a *Colorado River* motion where the state law claims subsume the federal claims, and the two are based on the same discovery. *Silvaco Data Systems*., 896 F.Supp. at 976. Moreover, Plaintiffs have invoked diversity as the basis for the Court's jurisdiction in this action (Complaint, ¶46), suggesting their federal securities law claims are tangential at most.

The significance of the federal claims is even more attenuated – and possibly eliminated – where the state court has concurrent jurisdiction over such federal claims. *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 25; *Nakash*, 882 F.2d at 1416. Here, state courts have concurrent jurisdiction over Plaintiffs' claims alleged under the federal securities laws. 15 U.S.C. § 77v(a); *Russo v. Van Vuuren*, 2001 U.S. Dist. Lexis 16085 (N.D. Cal. Oct. 1, 2001) *1 at *8. Indeed, Congress understood that state courts were capable of handling 1933 Act claims, and thus specifically provided in 15 U.S.C. §77v(a) that when such claims are originally brought in state court, they may not be removed to federal court despite the existence of a federal question. *Ibid.*

In short, state law predominately controls this case and the state cases, and the decision on the merits applying state law will subsume any decision on the federal claims. Thus, the fifth *Colorado River* factor strongly supports the granting of the motion.

### 5. Factor 6 Weighs Heavily In Favor Of Granting The Motion.

The sixth factor – whether the state court proceeding is adequate to protect the parties' rights – also weighs heavily in favor of a stay or dismissal. The related cases are before one judge in the complex litigation department, who is presiding for all purposes. Plaintiffs' counsel in this action also represents numerous similarly-situated plaintiffs in the state court action, and the claims alleged in that complaint are virtually identical to the claims raised in the instant complaint. Plaintiffs do not cite any reason their claims could not be presented in the state court, nor do they contend that the state court would be inadequate to protect their rights. The Court finds that Plaintiffs have an opportunity to present their claims in state court and that the state court is adequate to protect their interests.

### 6. Factor 7 Weighs Heavily In Favor Of Granting The Motion.

The seventh factor – whether the federal plaintiff is engaged in "forum shopping" – also favors granting the motion. Plaintiffs are represented by the same attorney as the plaintiffs in the *Brodkey* state court action, and prior to filing this suit, that attorney wrote a pre-litigation demand letter collectively on behalf of all his clients. Plaintiffs do not provide any explanation justifying why their group was divided into two groups, which filed essentially the same action against the same defendants in separate forums. The Court finds that such conduct amounts to forum shopping. See, *Ross v. U.S. Bank National Association*, 542 F.Supp.2d 1014, 1022 (N.D. Cal. 2008)

In summary, the Court finds that *Colorado River* factors 3 through 7 weigh in favor of granting the motion, and that factors 1 and 2 are neutral. The Court is mindful of its "virtually unflagging obligation" to exercise jurisdiction in diversity and federal question cases. *Nakash v. Marciano*, 882 F.2d at 1415. Nevertheless, the Court has the discretion to stay or dismiss this action in deference to parallel state court under the standards articulated in the *Colorado River* case. The Court finds the factors which favor granting the motion highly compelling under the unusual circumstances of this and the state court cases. Consequently, the Court will exercise its discretion to grant the motion.

**C.    A Dismissal Is More Appropriate Than A Stay Under The Circumstances.**

The final issue for consideration is whether this action should be dismissed or stayed. The Court finds that dismissal would be the preferred remedy given the complexity of the state court action, the predominance of state law issues and the state court's concurrent jurisdiction over any federal securities issues which the Plaintiffs may wish to pursue.  No reason has been provided to the Court as to why Plaintiffs cannot be afforded full relief in the state court action and would need to pursue claims in this Court.   Therefore, the Court finds that a dismissal is the appropriate remedy to be granted in this case.

**IV.    CONCLUSION**

The Motion To Stay or Dismiss pursuant to the *Colorado River* doctrine is **GRANTED**. This action is hereby **DISMISSED WITHOUT PREJUDICE**.


SO ORDERED

Dated: 3/5/10

_____
Saundra Brown Armstrong
United States District Court Judge